McKinney, J.
delivered the opinion of the court.
This is an action of debt, brought in the name of “the Chairman of the county court of Rutherford county, who sues for the use of William Majors, administrator, with the will annexed, of Mary Ward, deceased,” against Josiah Robinson, the plaintiff in error, upon a bond in the following words, viz:
“We acknowledge ourselves indebted to William Yinson, chairman of the county court of Rutherford county, in the sum of twenty-five hundred and twenty-eight dollars and — cents. To be void, however, if said Josiah Robinson, who has this day received of William Majors, administrator, with the will annexed, of Mary Ward, deceased, the sum of twelve hundred and sixty dollars, his share of the personal estate of the said Mary Ward, deceased, should pay and refund his ratable part of any debt or debts against said estate, which may hereafter be sued for, recovered, or otherwise duly appear.” This bond bears date, 27th December, 1842, and was executed by the said Robinson, with one surety, who is not proceeded against in this suit.
The breach of the condition of said bond, assigned in the declaration, is, in substance, that a suit was afterwards brought against said administrator, in the circuit court of Rutherford county, to recover a debt of $-, due from the said Mary Ward, in her life time, to one Thompson Ward; that he filed the plea of fully administered, and relied thereon, but it was found against him, on the ground that the foregoing bond, taken by him from said Robinson, had but one surety, and that judgment was recovered against him, which he is liable to pay out of his own proper goods, <fcc.; that the defendant had notice of said debt, but failed and refused to pay, &c. The plea of performance of the condition of said bond, and two other pleas — not necessary to be noticed — were filed by the defendant below. Issue was taken on the first plea, the two other *376 pleas were demurred to, and the demurrer was sustained. At the November term, 1847, of the Rutherford circuit court, a trial was had, and the jury found in favor of the plaintiff below. Judgment was rendered for the penalty of the bond, to be discharged by the payment of $207 17, the amount found by the jury, and costs of suit. A new trial was moved for, which being overruled, a motion in arrest of judgment was entered, and was also overruled. To reverse this judgment a writ of error is prosecuted to this court, and several errors are assigned.
It is argued, on behalf of the plaintiff in error, that the bond declared on is not a good statutory bond, because not taken to “the chairman of the county court for the time being, and his successors,” because a record was not made of it in the county court; and, also, because it had but one surety; and, therefore, no suit can be maintained upon' it in the name of the chairman of the county court, in his official character. This position may be correct, but we regard its decision in this case as wholly unimportant; because, admitting the bond in question to be a good statutory bond, as contended by the counsel for the defendant in error, it is very clear that no action can be maintained upon it by the administrator, or for his benefit. The 2d section of the act of 1789, ch. 23, in express terms declares, tha,t the bond taken pursuant to its provisions, from the legatee or distributee, to refund a ratable part of any debt or debts which may afterwards be sued for and recovered by a creditor or creditors of the estate, “shall be and enure to the sole use and advantage of the creditors.” And the 3d section prescribes the mode of proceeding, by which the creditors shall avail themselves of the benefit of such bond; it is as follows: “When the executor or administrator shall after-wards be sued, and shall plead fully administered, no assets, or not sufficient to satisfy the plaintiff’s demand, and such *377 plea shall be found in his favor, the plaintiff may proceed to ascertain his demand and sign judgment. And on motion a writ or writs of scire facias shall issue, summoning such persons who have entered into bond as aforesaid, to show cause why execution should not issue against them for the amount of such judgment; and if there be judgment against the defendants, or any of them, execution may issue thereon,” &c.
This remedy is confined to the creditors alone; and cannot be resorted to, even by them, where, as in this case, the plea of “fully administered” had been found against the administrator or executor. This statute was not intended for the benefit of the executor or administrator; they can have no remedy or action, whatever, upon the bond taken from the legatee, or dis-tributee, in pursuance of its provisions. Admitting that the satisfaction of the judgment in this case, (which is not averred, however, in the declaration,) would constitute the administrator a creditor of the estate, still he would not be a creditor of the character to whose benefit the refunding bond exclusively enures, by the terms of the act. The legislature, so far from intending to create a right of action in favor of the executor or administrator against the legatee or distributee to whom payment had been made of his portion of the estate, intended just the reverse. The object was to relieve him from the necessity to which he was subject previous to the passage of the act, of bringing suit to compel the legatee or distribu-tee to refund, and on failure to do which, he became personally liable to the creditors, and to leave it to the creditors, whose right, perhaps, would'be less questionable, to compel repayment for their benefit.
The remedy for the administrator, in this case, must be sought in another forum, as-it existed before the passage of this act. We are of opinion that this action cannot be maintained, and the judgment of the circuit court will, therefore, be reversed and arrested.